**DANNA R. JACKSON**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone:  (406) 457-5120
FAX:  (406) 457-5130
Email: Danna.Jackson@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** vs. **GARRETT KIRBY LAFROMBOISE,** Defendant. | **CR 13- 116-GF-BMM** <br><br> **OFFER OF PROOF** |

## THE CHARGE

The defendant, GARRETT KIRBY LAFROMBOISE, is charged in the indictment with a violation of 18 U.S.C. §§ 1153(a) and 1111 – Second Degree Murder/Aiding and Abetting (Count I); and 18 U.S.C. §§ 1153(a) 113(a)(6) and

3559(f)(3) - Assault Resulting in Serious Bodily Injury/Aiding and Abetting (Count II).

## PLEA AGREEMENT

The defendant, GARRETT KIRBY LAFROMBOISE, will enter a voluntary plea of guilty to Count II in the Indictment.

There is a plea agreement filed in this case. The United States did present any and all formal plea offers to the defendant in writing. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order for the defendant to be found guilty of Assault Resulting in Serious Bodily Injury, the United States must prove each of the following elements beyond a reasonable doubt:

**First,** the defendant is an Indian person;

**Second,** the events occurred within the exterior boundaries of the Rocky Boy's Indian Reservation;

**Third,** the defendant intentionally assaulted the victim; and,

**Fourth**, as a result, the victim suffered serious bodily injury.

The United States must also prove that the victim was under the age of eighteen.

2

## PENALTY

The defendant is subject to a mandatory minimum punishment of ten years imprisonment, a $250,000 fine, three years to lifetime supervised release, and a $100 special assessment. The maximum term of imprisonment is life.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following[1]:

On or around October 21, 2013, the defendant, a twenty-one year old member of the federally recognized Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, became frustrated when an eleven month old child would not stop crying. The defendant told law enforcement that he inserted his fingers in the baby's mouth and gagged him to try to make him stop crying. The defendant stated that he became increasingly angry and punched the baby (closed fist) in the

---

[1] The offer of proof does not encompass all of the proof that the United States would offer at trial but only the proof that would be necessary to support the elements of the charges to which the defendant is pleading guilty. The United States possesses, or may possess, other evidence which may be redundant to the evidence described above or otherwise unnecessary to the purposes of this stage of the proceeding. The United States possesses, or may possess, other evidence which will more fully inform the Court as to the appropriate sentence. Neither the Court nor the defendant should consider this pleading as inclusive of all evidence known to the government or a self-imposed limitation on the evidence it may use in the future for purposes other than to support the entry of plea.

abdomen. These acts occurred within the exterior boundaries of the Rocky Boy's Indian Reservation.

As a result of the injuries K.S. sustained, K.S. died. A co-defendant was also charged in this case.

Medical evidence would have shown that the victim suffered injuries including skull fractures; hemorrhages and bruises to the brain; hemorrhages to the spinal nerves; abrasion to the scalp; a broken nose; bruising on the torso; rib fractures; hemorrhages to the retina; bruises on K.S's head including forehead, nose, cheeks, and ears; lacerations and contusions to the mouth area; internal injuries; bruises to the lower extremities; and, lacerations on the tips of K.S.'s left hand.

The medical examiner, who issued the Report of Postmorten Examination, would state that because the exact mechanism or mechanisms of death responsible for the complex skull fracture, cerebral contusions, subarachnoid hemorrhage, retinal hemorrhages, and other injuries, is uncertain, he would conclude that K.S. died as the result of homicidal violence that included cranial, cerebral and cervical trauma, and possible suffocation.

The United States would have presented its proof through the testimony of law enforcement, medical professionals, and lay witnesses. The United States

would have presented evidence including photos of the victim, photos of the crime scene, and a summary audio recording of the defendant's confession. Additionally, the United States would have presented a tribal enrollment record to prove the defendant is an Indian person.

DATED this 21st day of January, 2014.

                              MICHAEL W. COTTER
                              United States Attorney


                              /s/ *Danna R. Jackson*
                              Assistant U.S. Attorney
                              Attorney for Plaintiff