DANNA R. JACKSON
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone:   (406) 457-5120
FAX:   (406) 457-5130
Email: Danna.Jackson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 13- 116 -GF-DLC |
|---|---|
| vs. | **PLEA AGREEMENT** |
| **GARRETT KIRBY LAFROMBOISE,** | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Danna R. Jackson, Assistant United States Attorney for the

District of Montana, and the defendant, Garrett Kirby LaFromboise, and his

attorney, Evangelo Arvanetes, have agreed upon the following:

1        AUSA   DEF   ATTY   Date

1.    **Scope:**   This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.   It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.    **Charges:**   Defendant agrees to plead guilty to Count II in the Indictment which charges the crime of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153(a), 113(6), and 3559(f)(3).   Assault Resulting in Serious Bodily Injury carries a mandatory minimum punishment of ten years imprisonment, a $250,000 fine, three years to lifetime supervised release, and a $100 special assessment.   Restitution is mandatory.

At the time of sentencing, the United States will move to dismiss Count I of the Indictment if the court accepts this plea agreement.

3.    **Nature of the Agreement:**   Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure.*   The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss Count I in the Indictment, and b) makes the recommendations provided below.   The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

2    AUSA    DEF    ATTY    Date

**4.     Admission of Guilt:**   The defendant will plead guilty because the defendant is in fact guilty of Count II in the Indictment.   In pleading guilty to the count, the defendant acknowledges that:

**First,** the defendant is an Indian person;

**Second,** the crime occurred within the exterior boundaries of the Rocky Boy's Indian Reservation;

**Third,** the defendant intentionally assaulted K.S.; and

**Fourth,** as a result, K.S. suffered serious bodily injury.

The defendant further admits that K.S. was under the age of 18 at the time of the offense.

**5.     Waiver of Rights by Plea:**

(a)     The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)     The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.   The government must also

3

AUSA     DEF     ATTY     Date

consent and the court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those government witnesses and the defense

4     AUSA     DEF     ATTY     Date

attorney would be able to cross-examine them.    In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.    If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h)    At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify.    Or the defendant could exercise the choice to testify on his or her own behalf.

(i)    If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph.    The

5    AUSA    DEF    ATTY    Date

defendant's attorney has explained these rights and the consequences of waiving these rights.

**6.     Recommendations:**   The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, under USSG § 3E1.1(a), and will move for an additional one level, under USSG § 3E1.1(b), if appropriate under the Guidelines, unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility.   The parties reserve the right to make any other arguments at the time of sentencing.   The defendant understands that the court is not bound by this recommendation.

**7.     Sentencing Guidelines:**   Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.     Waiver of Appeal for 5K1.1 Motion/2255 Action:**   The defendant acknowledges that 18 U.S.C. § 3742 affords her the right to appeal the sentence imposed in this case.   Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG § 5K1.1 to reward the defendant for any substantial assistance provided before sentencing.   If such a motion is made and

6       AUSA      DEF      ATTY      Date

the Court accepts the plea agreement, the defendant hereby waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

7    AUSA    DEF    ATTY    Date

**9.     Dismissal of Appeal of the Sentence Rule 35 motion/2255 Action:**
The defendant acknowledges that 18 U.S.C. § 3742 affords the right to appeal the

sentence imposed in this case.    Under appropriate circumstances, the United

States may move, but has not made any commitment as part of this agreement to

move, for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal

Procedure, to reward the defendant for any substantial assistance the defendant

provides after sentencing.    If such a motion is made, the defendant agrees to

dismiss any pending appeal of the sentence.

If a Rule 35 motion for reduction of sentence is made and granted by the

Court, the defendant also agrees to waive the right to collaterally attack the

judgment or sentence pursuant to 28 U.S.C. § 2255.    This waiver does not

prohibit the right to pursue or maintain such an action arising from facts not known

or reasonably capable of being known at the time of the entry of guilty plea or

alleging ineffective assistance of counsel.

**10.    Voluntary Plea:**    The defendant and defendant's attorney

acknowledge that no threats, promises, or representations have been made to

induce the defendant to plead guilty, and this agreement is freely and voluntarily

endorsed by the parties.

8

AUSA     DEF     ATTY     Date

**11.    Detention/Release After Plea:**    Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community.    Then, if exceptional circumstances exist, the defendant may be released upon conditions.

**12.    Breach:**    If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**13.    Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement.    No promises or representations have been made by the United States except as set forth in writing in this plea agreement.    **This plea agreement constitutes the entire agreement between the**

9    AUSA    DEF    ATTY    Date

parties.   Any term or condition which is not expressly stated as part of this

plea agreement is not to be considered part of the agreement.

 

                             **MICHAEL W. COTTER**
                             **United States Attorney**

                             DANNA R. JACKSON
                             Assistant U. S. Attorney

                             GARRETT KIRBY LAFROMBOISE
                             Defendant

                             EVANGELO ARVANETES
                             Defense Counsel

                      AUSA      DEF      ATTY     Date

1/21/14